UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MABUBA ABAJEBEL ABAFITA,

          Plaintiff,

- against -

LATIFA MUBARAK AHMED EISA
ALDUKHAN, MARWA ATEEQ SALIM
BINHADA ALSUWAIDI, and OMAR OBAID
HUMAID BADER ALMANSOORI,

          Defendants.

**DECISION & ORDER**

16 Civ. 6072 (RMB) (SDA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/19

---

Having reviewed the record herein, including, without limitation: **(1)** Plaintiff's Memorandum in Support of Plaintiff's Order to Show Cause for Default Judgment Against All Defendants, dated September 26, 2018, at 1-2, which charges that Mabuba Abajebel Abafita ("Plaintiff" or "Abafita") "is a victim of human trafficking who seeks to hold her former captors liable" under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 ("TVPRA"); the Fair Labor Standards Act, 29 U.S.C. § 206(a); the New York Labor Law, N.Y. Lab. L. §§ 195, 198, 652, 663; and the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a4. The Plaintiff also contends that Defendants "were personally served with the [] summons and complaint in this action . . . [but] failed to answer or otherwise defend"; and that Plaintiff is entitled to a default judgment against Defendants; **(2)** the Clerk of Court's Certificate of Default, dated February 23, 2018, certifying that "Defendant ha[d] not filed an answer or otherwise moved with respect to the amended complaint"; **(3)** the Court's October 2, 2018 Order, directing Defendants to show cause on November 8, 2018 why (i) an Order should not be entered "directing that a default judgment as to liability be entered against each of the Defendants" and

1

(ii) "directing that an inquest to determine the amount of Plaintiff's damages be held"; and **(4)** Magistrate Judge Stewart D. Aaron's Report and Recommendation, dated April 4, 2019 ("Report"), at 21-22, which includes Judge Aaron's recommendation that "the Court enter judgment in favor of Plaintiff against the Defendants . . . in the sum of $1,622,950.00" for the vile human trafficking plus additional damages for labor law violations and attorneys' fees, **the Court adopts the Report in its entirety**, as follows:

1 – In her Amended Complaint, dated December 1, 2016, Abafita alleges that "while in Ethiopia, [she] was recruited to work for Defendant Aldukhan in the United Arab Emirates," and for nearly six years, until April 2016, Aldukhan forced Abafita to work "21-hour days, cleaning and babysitting," subjected Abafita to "inhumane living conditions and constant verbal abuse," and threatened that Abafita "would go to jail if she tried to escape." Amended Complaint, dated Dec. 1, 2016, ¶¶ 2,13,18; Report at 3-4. Thereafter, on April 20, 2016, Aldukhan "lured Abafita to the United States with promises of higher wages." Id. at 4. Aldukhan entered into a "domestic servant contract" with Abafita, which promised that Abafita would be paid $1,610.04 per month in the United States and would work only 40 hours per week. Id. at 4-5. From April 20, 2016 to May 22, 2016, Plaintiff lived in New York with Aldukhan and Defendants Alsuwaidi and Almansoori, who were Aldukhan's daughter and son-in-law. Id. at 5. On May 22, 2016, Defendants moved to New Jersey with Plaintiff. Id.

While in the United States, Defendants subjected Abafita to "much harder" working conditions than in the United Arab Emirates. Id. Abafita worked "19 to 22-hour days with no days off, performing domestic tasks for Defendants and caring for the child or children of Defendants Alsuwaidi and Almansoori." Id. Defendants seized Abafita's passport and prohibited

Abafita "from leaving their home by herself"; they also threatened Plaintiff with physical abuse, verbally abused her, and "denied Abafita access to medical care." Id. at 6.

On or about June 9, 2016, "Abafita escaped Defendants' control." Id.

3 – On February 21, 2018, Abafita filed a Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) based upon Defendants' "failure to appear in or otherwise defend this action within the time specified by the Federal Rules, as fully appears from the Docket." Dkt. 40 at 1. On February 23, 2018, the Clerk of Court entered a Certificate of Default, which stated that "the docket entries indicate that the Defendants have not filed an answer or otherwise moved with respect to the amended complaint herein. The defaults of the Defendants are hereby noted." Dkt. 44 at 2. On October 2, 2018, the Court issued an Order for Defendants to Show Cause why a default judgment should not be entered against them and set a Show Cause Hearing for November 8, 2019. 10/2/18 Order, Dkt. 48. Thereafter, the Court referred the case to Judge Aaron for an "inquest after default/damages hearing." 10/2/18 Order, Dkt. 49. On November 8, 2018, Defendants failed to appear before the Court.

On March 7, 2019, Magistrate Judge Aaron held an inquest and damages hearing. Report at 3. At the hearing, Abafita testified. Id. Crystal DeBoise, a social worker, also testified. Id. DeBoise stated that Abafita "experiences trouble sleeping, auditory intrusions, intrusive thoughts and nightmares, among other symptoms . . . caused by and directly related to Abafita's working for Defendants." Id. at 7. She concluded that Abafita "developed and . . . continues to suffer long-term psychological damage and severe PTSD as a result of her experience with Defendants." Id.

4 – In his Report and Recommendation summarizing the inquest/damages hearing, Judge Aaron found, among other things, that "Defendants knowingly obtained Abafita's labor by

3

engaging in a scheme, plan or pattern designed to cause her reasonably to believe that she had no alternative but to remain in Defendants' employ or suffer serious harm"; that Defendants "implemented their scheme by trafficking Abafita from Ethiopia to the UAE, and then into the United States, with false promises (i.e., increasing her wages) regarding her employment"; and that Defendant Aldukhan "engaged in similar conduct against Abafita in the UAE as Defendants did against her in the United States, causing her to work brutal 21-hour work days." Report at 10-11. Judge Aaron held that Plaintiff is entitled to $1,774,499.75 in damages under the TVPRA, New York Labor Law, and common law (i.e., breach of contract), in addition to prejudgment interest and attorneys' fees. Id. at 15-16, 19-21. Judge Aaron did not recommend that Plaintiff be awarded damages under the FLSA and New Jersey Wage and Hours Laws because, among other things, a plaintiff may only avail herself of whatever remedy "provides the greatest amount of damages" and may not be awarded twice for the same violations. Jiao v. Shi Ya Chen, No. 03 CIV. 0165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007). Plaintiff was entitled to wages at the contractual rate, which is higher than the federal or state minimum wages. See Report at 13 n.14.

5 – When considering a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Philpot v. Music Times LLC, No. 16CV1277 (DLC), 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017).

6 – Defendants filed no objections to the Report and did not enter an appearance in this case to date. The Court finds no clear error on the face of the record. The Report recommended

that the Court award Plaintiff, under the TVPRA, $400 per day in the United Arab Emirates and $450 per day in the United States, against Aldukhan. Report at 11; see, e.g., Shukla v. Sharma, No. 07-CV-2972 CBA CLP, 2012 WL 481796, at *15 (E.D.N.Y. Feb. 14, 2012). The Report also recommended that Abafita be awarded punitive damages against Aldukhan, under the TVPRA. See Rana v. Islam, 887 F.3d 118, 122 (2d Cir. 2018); Ditullio v. Boehm, 662 F.3d 1091, 1098 (9th Cir. 2011) ("Punitive damages are generally appropriate under the TVPA civil remedy provision because it creates a cause of action for tortious conduct that is ordinarily intentional and outrageous."). Judge Aaron recommended a total award of $1,622,950 under the TVPRA for 2,000 days of servitude in the United Arab Emirates and 51 days in the United States. Judge Aaron also recommended awards for breach of contract claims and violations of New York labor laws for a total of $29,298.75, along with prejudgment interest under New York law. See Report at 12-15; Salustio v. 106 Columbia Deli Corp., 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017).

7 – The Report also recommended – and this Court adopts – that Abafita be awarded attorneys' fees and costs in the amount of $122,298.75. Report at 19-20; see 18 U.S.C.A. § 1595. The hourly rates of $450 per hour for senior attorneys and $250 per hour for junior attorneys are within the ranges typically awarded in this District. See Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ("Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450 [per hour].").

8 – The Court, as noted, finds no error on the face of the record. See Borcsok v. Early, 299 F. App'x 76, 77 (2d Cir. 2008) ("The District Court then reviewed the magistrate judge's report and recommendation for clear error and, finding none, adopted the report ....").

Accordingly, judgment should be entered forthwith in favor of Plaintiff against the Defendants as follows: (1) on the TVPRA claims against Aldukhan, damages in the sum of $1,622,950; (2) on the TVPRA claims against Alsuwaidi and Almasoori, jointly and severally, damages in the amount of $22,950; (3) on the remaining claims against all Defendants, jointly and severally, in the amount of $29,298.75; (4) prejudgment interest against all Defendants, jointly and severally, on the sum of $14,058.75 at a rate of 9% simple interest from May 5, 2016 through the date that the default judgment is entered; (5) attorneys' fees and costs against all Defendants, jointly and severally, in the amount of $122,251.00.

**Conclusion & Order**

For the reasons stated above, Magistrate Judge Aaron's Report is adopted in its entirety. The Clerk of Court is directed to enter judgment against Defendants, in the total amount of $1,774,499.75 plus any applicable prejudgment interest, in accordance with this Conclusion & Order and the Report.

Dated: New York, New York
September 16, 2019

RICHARD M. BERMAN
U.S.D.J.